UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYTON PURCELL LLP,<br><br>       Plaintiff,<br><br>    v.<br><br>RECORDON & RECORDON, *et al.*,<br><br>       Defendants.<br>_____/ | No. C-04-4995 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>**(Docket No. 74)** |

## I. INTRODUCTION

Plaintiff Brayton Purcell LLP and Defendant Recordon & Recordon ("Recordon") are law firms. Each has a website. On November 24, 2004, Brayton Purcell filed suit against Recordon asserting claims for copyright infringement, unfair competition (federal and state law), false advertising (state law), and common law misappropriation based on Recordon's alleged copying of Brayton Purcell's website on elder abuse.

After the Court denied a motion to dismiss filed by Recordon, Recordon answered the complaint and filed a cross-complaint against Apptomix, Inc. and Jonathan Lee (collectively, "Apptomix Defendants"). According to the cross-complaint, Recordon hired Apptomix to design a web page; Apptomix created for Recordon a web page on elder abuse; Recordon did not provide any input into the development of the elder abuse web page; and an Apptomix employee represented that the elder abuse web page was developed by way of independent research and work product (*i.e.*, not copying). Subsequently, Brayton Purcell filed, with the agreement of Recordon, an amended complaint, adding Apptomix and Mr. Lee as defendants to its case.

Shortly thereafter, in the course of a settlement conference, all the parties in the case, including both sets of Defendants, agreed to binding arbitration. Although the parties agreed to binding arbitration, none of the parties, including Defendants, asked the Court to dismiss the lawsuit. Thus, Brayton Purcell's claims, including that for copyright infringement, remained pending in the Court.

At arbitration, Brayton Purcell gave up its claims other than copyright infringement. *See* Docket No. 70 (Gosse Decl., Ex. A at 19) (Brayton Purcell's Phase I opening brief in arbitration) (stating that, because of the difficulty in proving actual damages, "and since injunctive relief has already been granted, plaintiff is not at this time pursuing its claims for deceptive advertising, unfair competition, or misappropriation"). In May 2006, the arbitrator issued his award on the copyright infringement claim and concluded that both Recordon and the Apptomix Defendants had infringed. The arbitrator specifically found that an Apptomix employee had willfully infringed. Recordon was held liable to Brayton Purcell for $24,327 in statutory damages and $36,827 in fees and costs; and Apptomix and Mr. Lee were held jointly and severally liable to Brayton Purcell for $48,654 in statutory damages and $73,655 in fees and costs.

Brayton Purcell then asked this Court to confirm the arbitrator's award. Both Recordon and the Apptomix Defendants informed the Court that they wished to challenge the arbitrator's decision. Brayton Purcell argued that any challenge to the arbitrator's decision was untimely, but the Court rejected this argument and allowed Defendants to file motions to vacate. In the end, the Court denied both Recordon and the Apptomix Defendants' motions to vacate and confirmed the arbitration award. Brayton Purcell then filed the currently pending motion for post-arbitration fees and costs.

Having reviewed the parties' briefs and accompanying submissions, the Court hereby **GRANTS** in part and **DENIES** in part Brayton Purcell's motion for post-arbitration fees and costs.

///
///
///
///

## II. DISCUSSION

A.  Recordon

### 1. Timeliness of Recordon's Opposition

As a preliminary matter, the Court addresses Brayton Purcell's contention that it should be awarded all of its fees and costs because Recordon failed to timely file an opposition to Brayton Purcell's motion. Recordon argues that its opposition is not untimely because Civil Local Rule 7-3(a) conflicts with Federal Rule of Civil Procedure 6(e)[1]; however, the Court need not decide this question. Even if the opposition were untimely, the opposition was filed only a few days late, and there is no prejudice to Brayton Purcell as a result. Under the circumstances and in the interests of justice, the Court considers the merits of Recordon's opposition.

### 2. Authority to Award Fees and Costs

Absent a contractual or statutory authorization, a prevailing litigant is generally not entitled to attorney's fees. *See International Union of Petroleum & Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) (in case involving award of fees because of party's failure to abide by arbitrator's award, stating that, "[u]nder the American rule, absent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees"). While "a court may assess attorneys' fees 'when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons,"'" *id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)), Brayton Purcell has not asserted it is entitled to fees because Defendants have acted, *e.g.*, in bad faith or without justification. Thus, the issue is whether there is contractual or statutory authorization for fees in the instant case.

Brayton Purcell argues that there is statutory authorization for fees, relying on the Copyright Act. The relevant section in the Act provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a

---

[1] Recordon filed a sur-reply to address the issue of whether its opposition was untimely. Although the sur-reply was filed without leave of the Court, the Court shall, in the interest of justice, permit the filing.

1 reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.  The question
2 is whether the Copyright Act and its attorney fee provision applies to the post-arbitration
3 confirmation proceedings in this Court.

4       As a starting point of the analysis, it is important to note that the primary claim in this suit
5 was brought under the Copyright Act.  Thus, this suit was a "civil action under this title" under §
6 505.  Had the case been adjudicated in this Court rather than being diverted to arbitration by
7 agreement of the parties, there is no question that the fee provision of the Act would apply.
8 Although the parties' agreement to submit the merits of this dispute to binding arbitration was silent
9 on the issue, the arbitrator, without objection by the parties, awarded fees to the prevailing party,
10 Brayton Purcell.  Thus, consistent with the apparent understanding of the parties, the attorney fee
11 provision of the Copyright Act continued to apply to the arbitration.  The issue at bar is whether the
12 fee provision continues to apply to post-arbitration proceedings as well.

13       The Court concludes that, absent the parties' intent to the contrary, the Act presumptively
14 applies.  As this case was  not dismissed by the parties when they agreed to submit the dispute to
15 arbitration, this case remains a "civil action under this title" within the literal meaning of § 505.  In
16 this regard, cases cited by Recordon denying post-arbitration fees are inapposite.  They do not
17 involve a continuation of a court case in which interim arbitration has taken place, but rather the
18 initiation of an independent lawsuit seeking confirmation of an arbitration award.  For instance, in
19 *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994), *superseded on other grounds*, the case
20 was commenced as a petition for confirmation of an arbitration award.  At no time did the plaintiff
21 in *Menke* bring her underlying claim for relief before a court.[2]  *See id.* at 1008.  The same is true
22 with respect to *Villinger/Nicholls Dev. Co. v. Meleyco*, 31 Cal. App. 4th 321 (1995).  The court also
23 explained that post-arbitration fees were not warranted because "'[h]earings to confirm an
24 arbitration aware are "special proceedings" as contrasted with "actions"'" within the meaning of the

---

[2] The Court does not express any opinion as to whether the holding in *Menke* has been rejected by the Ninth Circuit.  In *Koruga v. Fiserv Correspondent Services, Inc.*, No. 01-35295, 2002 U.S. App. LEXIS 6439 (9th Cir. Apr. 5, 2002), the Ninth Circuit seemed to take issue with *Menke*.  However, *Koruga* is an unpublished opinion only and not binding precedent; furthermore, the Ninth Circuit never explained in *Koruga* what facts in *Menke* were materially different such that fees and costs, in *Koruga*, were still appropriate.

fee-shifting statute at issue therein.  *Id.* at 327 (citing to California Code of Civil Procedure §§ 22 and 23, which define, respectively, "action" and "special proceeding").

The analysis might be different had the parties in the case at bar stipulated to a dismissal of the case as part of their agreement to submit to binding arbitration.  There would no longer have been a "civil action" under the Copyright Act pending before the Court, and any new court filing seeking to confirm the arbitration award arguably would not be a "civil action" under the Copyright Act.  Rather, federal jurisdiction for such a suit would have to have been independently established, *e.g.*, diversity.  *Cf. Kokkonen v. Gurdian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (concluding that a party's motion to enforce a settlement agreement was a claim for breach of contract, *i.e.*, the settlement agreement).  Under those circumstances *Menke* and *Villinger* might apply with greater force.

To be sure, in agreeing to binding arbitration, the parties could have stipulated that fees would be awarded only in arbitration, and not for any post-arbitration proceedings.  They did not, however, and the Court will not infer a waiver of fees by Brayton Purcell based on silence.  *Cf. Wakefield v. Mathews*, 852 F.2d 482, 484 (9th Cir. 1988) (stating, in a civil rights case, that "[w]aiver of attorneys' fees should not be presumed from a silent record"). In the civil rights context, courts have firmly rejected the rule that silence in a settlement agreement waives the right to recover fees, in part, because, in civil rights cases, the prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render an award unjust.  *See El Club del Barrio, Inc. v. United Community Corps., Inc.*, 735 F.2d 98, 100 (3d Cir. 1984); *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 139 (3d Cir. 1986).  While there is no comparable overarching Congressional policy favoring fees in the copyright infringement context, a statutory right still obtains.  Moreover, waivers are generally disfavored.  *Cf. Estelle v. Williams*, 425 U.S. 501, 515 (1976) ("We generally disfavor inferred waivers of constitutional rights."); *see also Rheem Mfg. Co. v. United States*, 57 Cal. 2d 621, 626 (1962) ("There can be no waiver unless the relinquishment is intentional or is the result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.").

1     Inferring a waiver of statutory fees from silence would be particularly inappropriate here
2  because the parties evidently intended that the arbitrator retain the power to award fees under § 505
3  even though their agreement to arbitrate was silent on the issue. Nothing suggest that in this case
4  the parties intended that the full panoply of the Copyright Act would not apply to all proceedings
5  herein.
6     Accordingly, the attorney fee provision of the Copyright Act applies to the instant
7  proceedings. The Court thus turns to the issue of whether Brayton Purcell is entitled to fees and
8  costs under the terms of § 505.

   3.   17 U.S.C. § 505

10    As noted above, "[i]n any civil action under this title, the court in its discretion may allow the
11  recovery of full costs by or against any party other than the United States or an officer thereof.
12  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to
13  the prevailing party as part of the costs." 17 U.S.C. § 505. "In applying this provision, district
14  courts are charged with two tasks: first, deciding whether an award of attorneys' fees is appropriate,
15  and second, calculating the amount of fees to be awarded." *Traditional Cat Ass'n v. Gilbreath*, 340
16  F.3d 829, 832-33 (9th Cir. 2003).

17    Factors that may be considered by a court in deciding whether to award fees include: (1) the
18  degree of success obtained by the prevailing party, (2) the frivolousness of the losing party's claim,
19  (3) the motivation of the losing party, (4) the reasonableness of the losing party's legal and factual
20  arguments, (5) the need to advance considerations of compensation and deterrence, (6) the purposes
21  of the Copyright Act, and (7) whether the chilling effect of attorney's fees may be too great or
22  impose an equitable burden on an impecunious plaintiff. *See Wall Data Inc. v. L.A. County Sheriff's
23  Dep't*, 447 F.3d 769, 787 (9th Cir. 2006); *Traditional Cat*, 340 F.3d at 832-33 & n.4; *Ets-Hokin v.
24  Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). *See also Fogerty v. Fantasy, Inc.*, 510 U.S.
25  517, 535 n.19 (1993) (stating that nonexclusive factors to consider are "'frivolousness, motivation,

1 objective unreasonableness (both in the factual and in the legal components of the case) and the need
2 in particular circumstances to advance considerations of compensation and deterrence'").[3]

3 The Court concludes that, under the circumstances in the instant case, fees pursuant to § 505
4 should not be awarded against Recordon. It finds most of the factors identified in *Fogerty* and by
5 the Ninth Circuit favor Recordon.

6 Admittedly, Brayton Purcell's degree of success was significant. This Court held that the
7 arbitration award was neither completely irrational nor did it constitute a manifest disregard of the
8 law, and therefore confirmed the award. Per the arbitration award as confirmed by this Court,
9 Recordon is liable to Brayton Purcell for $24,327 in statutory damages and $36,827 in fees and
10 costs, and the Apptomix Defendants $48,654 in statutory damages and $73,655 in fees and costs.

11 However, the positions taken by Recordon during the post-arbitration proceedings were
12 neither frivolous nor objectively unreasonable. *See, e.g.*, *Caffey v. Cook*, 409 F. Supp. 2d 484, 509
13 (S.D.N.Y. 2006) (stating that "Defendants asserted defenses and arguments that were not 'patently
14 devoid of legal or factual basis' so as to be considered objectively unreasonable"); *Roeslin, III v.*
15 *District of Columbia*, 921 F. Supp. 793, 800 (D.D.C. 1995) (denying attorney's fees to plaintiff
16 when there was "a genuine dispute as to whether plaintiff or defendant was the owner of the
17 copyright"; noting that defendant "had a colorable claim, albeit one that the Court ultimately
18 rejected"). For example, Recordon successfully argued (along with the Apptomix Defendants) that
19 its challenges to the arbitration award were not untimely because the ADR Local Rules did not
20 govern. In addition, Recordon made a fair factual argument that under the facts of this case it was
21 more like an innocent infringer rather than a willful infringer such that the arbitrator's award was
22 excessive. *See also* Order of 2/6/07, at 15 ("Although the Court has rejected Defendants' arguments

---

[3] The Court rejects Brayton Purcell's argument that attorney's fees in a copyright infringement case "'are the rule rather than the exception and should be awarded routinely.'" Mot. at 4 (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)). *Micromanipulator* is not binding authority, and it predated the Supreme Court's *Fogerty* decision. *See Johnson v. Tuff-N-Rumble Mgmt., Inc.*, 99-1374 SECTION: "R"(3), 2000 U.S. Dist. LEXIS 12071, at *34 (E.D. La. Aug. 14, 2000) (noting that *Micromanipulator* was rendered prior to *Fogerty* and that, in *Fogerty*, the Supreme Court "rejected an argument that courts in copyright cases should employ the so-called 'British Rule' and automatically award attorney's fees to prevailing parties"). Moreover, Ninth Circuit case law prior to *Fogerty* indicated that a prevailing party should not be awarded attorney fees in every case as a matter of course. *See Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 155 (9th Cir. 1987).

in favor of vacatur, it cannot say that Defendants' motions were unjustified."). Furthermore, there is nothing to show that Recordon was motivated by bad faith in challenging the arbitration award.

With respect to the need to advance the considerations of compensation and deterrence, Brayton Purcell has already been well compensated through the arbitration award. It has received substantial statutory damages, even in the absence of proof of any actual damages. Likewise, the substantial arbitration award which included significant statutory damages and attorneys fees already serves as an adequate deterrent to potential future infringement, whether by Recordon or another person or entity. *See Columbia Pictures v. Tucker*, No. 94 CV 5542, 1997 U.S. Dist. LEXIS 20025, at *46 (N.D. Ill. Dec. 11, 1997) (in denying fees, noting, *inter alia*, that fees were not necessary to compensate plaintiffs and defendant was sufficiently deterred because plaintiffs had been awarded $115,000 in statutory damages for 115 infringements).

The Court therefore concludes that Brayton Purcell is not entitled fees and costs pursuant to § 505 at this juncture.[4] The Court addresses below whether Recordon is obligated to pay any costs to Brayton Purcell as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d).

B.  Apptomix Defendants

Although the Court denies Brayton Purcell fees and costs pursuant to § 505 with respect to Recordon, the Court reaches a different conclusion with respect to the Apptomix Defendants. Unlike Recordon, the Apptomix Defendants failed to file any opposition to Brayton Purcell's motion for fees and costs. "Courts have consistently exercised their discretion to grant motions on collateral issues [such as attorney's fees], on the basis that, in failing to respond, the opposing party has consented to such action by the court." *Gwaduri v. INS*, 362 F.3d 1144, 1147 n.3 (9th Cir. 2004).

However, Brayton Purcell has not adequately demonstrated that the Apptomix Defendants should be held liable for the entire fee/cost award sought by Brayton Purcell. *See Gwaduri*, 362 F.2d at 1147 (indicating that a court may sua sponte reduce a fee/cost request where predicated on a legal as opposed to a factual challenge). Brayton Purcell appears to argue that the Apptomix

---

[4] The Court notes that the compensation/deterrence factor *at this point in time* weighs in favor of Recordon. The Court cannot say that this factor would necessarily weigh in favor of Recordon if Brayton Purcell is required to incur additional fees in defending the arbitration award.

Defendants should be charged with the entire award on a joint and several liability theory. *See* Pl.'s Supp. Br. at 2-3 (arguing that the Apptomix Defendants "should be held liable severally and liable for the full amount of Plaintiff's attorneys' fees and costs"). But Brayton Purcell has not established that Recordon and the Apptomix Defendants were in fact joint tortfeasors with respect to the copyright infringement. *See Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (concluding that there was no evidence in the record that defendants, two television stations, were joint tortfeasors). Notably, the arbitrator's award suggests that the arbitrator did not believe them to be joint tortfeasors. *See* H.R. Rep. No. 94-1476, 94th Cong., 2d Sess., at 162, reprinted in 1976 U.S. Code Cong. and Admin. News 5778 (noting that "where separate infringements for which two or more defendants are not jointly liable are joined in the same action, separate awards of statutory damages would be appropriate"); *see also Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143-44 & n.11 (5th Cir. 1992) (discussing 17 U.S.C. § 504 and its legislative history).

Moreover, even if Recordon and the Apptomix Defendants were joint tortfeasors, that does not require that there be joint and several liability with respect to fees and costs. *Cf. Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 114 (2d Cir. 1988) (in Lanham Act case, noting that decision to impose joint and several liability for attorney's fees is within district court's discretion). *See, e.g.*, *Mary Ellen Enters. v. Camex, Inc.*, 68 F.3d 1065, 1072 (8th Cir. 1995) (upholding district court's apportionment of fees awarded under § 505 between two defendants); *Dumas v. Dagl*, No. 88 Civ. 2293 (LBS), 1990 U.S. Dist. LEXIS 18135, at *23 (S.D.N.Y. May 22, 1990) (in copyright infringement case, noting that "ordinarily all defendants should be jointly and severally liable for costs" but "find[ing] that, given their differing involvements in the events at issue and the quantities of evidence presented, in the circumstances of this case it would be inequitable to award judgment against [defendants] M & S and the Hakimis for the full amount of costs and fees").

The Court holds the Apptomix Defendants should be held liable for that portion of fees and costs reasonably attributable to its conduct rather than Recordon's conduct in post-arbitration proceedings. *See Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829,

854 n.38 (11th Cir. 1990) (rejecting argument made by two defendants that district court failed to award only a proportionate share of the fees against them as the suit originally was brought against four other defendants; pointing out that plaintiffs had deleted time spent on original arguments not pursued and settlements with other defendants from their attorney's fee request). Although Brayton Purcell has not provided any accounting demonstrating what fees and costs were attributable to the Apptomix Defendants as opposed to Recordon, the Court is nonetheless able to make a sufficiently informed assessment based on its knowledge of the post-arbitration proceedings.

On Brayton Purcell's briefing on the merits, approximately 30% of the opposition was devoted exclusively to Recordon's motion to vacate. The remaining 70% pertained to arguments advanced by the Apptomix Defendants. Given these circumstances, it is fair for the Court to award the bulk -- although not all -- of the fees and costs sought by Brayton Purcell against the Apptomix Defendants. The Court shall reduce the fee award by 30%.

Accordingly, with respect to the Apptomix Defendants, the Court awards Brayton Purcell fees in the amount of $24,649.80 (*i.e.*, $35,214 x 70%) and costs in the amount of $2,056.84 (*i.e.*, $2,938.34 x 70%).

C.     Costs Pursuant to Federal Rule of Civil Procedure 54(d)

As a final matter, the Court addresses Brayton Purcell's assertion that it is entitled to costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Brayton Purcell is entitled to costs as the prevailing party. Because the Court has awarded Brayton Purcell 70% of its costs pursuant to § 505 with respect to the Apptomix Defendants, Recordon should be held liable for the remaining 30% of the costs but only to the extent those costs are compensable under Rule 54(d) and § 1920.

Brayton Purcell shall file a bill of costs with the Clerk of the Court consistent with Rule 54(d), § 1920, and Civil Local Rule 54-1 *et seq.* In submitting the bill of costs, Brayton Purcell should keep in mind the limitations of § 1920 and the allocation specified above.

///

///

///

### III. **CONCLUSION**

For the foregoing reasons, Brayton Purcell's motion for post-arbitration fees and costs is granted in part and denied in part.

This order disposes of Docket No. 74.

IT IS SO ORDERED.

Dated: May 18, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

11