**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRAYTON PURCELL LLP, a
California partnership,
            *Plaintiff-Appellee,*

v.

RECORDON & RECORDON, a
California partnership,
            *Defendant-cross-claimant-*
                        *Appellant,*

v.

APPTOMIX INC.; JONATHAN LEE,
            *Cross-defendants.*

No. 07-15383

D.C. No.
CV-04-04995-EMC

OPINION

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Argued and Submitted
October 21, 2008—San Francisco, California

Filed August 5, 2009

Before: Mary M. Schroeder, Dorothy W. Nelson and
Stephen Reinhardt, Circuit Judges.

Opinion by Judge D.W. Nelson;
Dissent by Judge Reinhardt

# SUMMARY

## Intellectual Property/Copyrights

The court of appeals affirmed a judgment of the district court. The court held that venue was proper where a plaintiff alleged that a Southern California defendant knowingly directed infringing acts to the Northern District of California, knowing that the plaintiff was a resident of this district and would suffer any injuries in this district.

Appellee Brayton Purcell LLP filed a copyright infringement suit in the Northern District of California against appellant Recordon & Recordon, a Southern California law firm, alleging that Recordon knowingly directed infringing acts to this district, knowing that Brayton Purcell was a resident of this district and would suffer any injuries in this district. Brayton Purcell further alleged that Recordon made commercial use of Brayton Purcell's website and of the copyrighted material and knowingly used its copyrighted work for the purpose of promoting its business in the field of elder abuse law, in competition with Brayton Purcell. Recordon moved to dismiss for improper venue and for other reasons. The district court denied Recordon's motion. After a settlement conference, the parties agreed to submit to binding arbitration. The arbitrator found for Brayton Purcell, and the district court entered judgment in its favor.

Recordon appealed, challenging only the district court's denial of its motion to dismiss for improper venue.

**[1]** Under 28 U.S.C. § 1400(a), in copyright infringement actions, venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets this statutory provision to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state. **[2]** The Ninth

Circuit employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction. **[3]** The first prong is satisfied by either purposeful availment or purposeful direction, which, are two distinct concepts. In this case, the underlying action was copyright infringement, which is often characterized as a tort. Purposeful direction is therefore the proper analytical framework in this case. **[4]** Under this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. There is no requirement that the defendant have any physical contacts with the forum.

**[5]** Recordon committed an intentional act when it created and posted an elder law section on its website that infringed Brayton Purcell's copyright. **[6]** As to the requirement that the defendant's conduct be expressly aimed at the forum, maintenance of a passive website alone cannot satisfy the express aiming prong. **[7]** The express aiming requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.

**[8]** Given the paucity of firms with elder abuse expertise, any use of the infringing material by Recordon to advertise in Southern California placed Recordon in direct competition with Brayton Purcell. **[9]** Taking Brayton Purcell's allegations and statements as true, Recordon individually targeted Brayton Purcell by making commercial use of Brayton Purcell's copyrighted material for the purpose of competing with Brayton Purcell for elder abuse clients. That Recordon's prospective clients reside outside the forum was irrelevant as long as Recordon individually targeted Brayton Purcell, a forum resident. Brayton Purcell thus satisfied its burden of showing that Recordon expressly aimed its conduct at the forum by individually targeting a known forum resident.

[10] Recordon did more than merely maintain a passive website. By plagiarizing Brayton Purcell's website verbatim, Recordon allegedly placed the two law firms in competition in the area of elder abuse law and created confusion among potential clients as to the true authorship of the elder abuse material. [11] By individually targeting Brayton Purcell, a known forum resident, Recordon expressly aimed its conduct at the forum. The express aiming prong was satisfied.

[12] The "foreseeable harm" element is satisfied when the defendant's intentional act has "foreseeable effects" in the forum. In this case, it was foreseeable that Brayton Purcell would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits. It was also foreseeable that some of this harm would occur in the forum, where Brayton Purcell was known to reside. Consequently, Brayton Purcell satisfied the third and final element of the effects test. [13] Recordon was subject to personal jurisdiction in the Northern District of California. Thus, venue was proper in the Northern District of California pursuant to § 1404(a). The judgment of the district court had to be affirmed.

Judge Reinhardt dissented, writing that because Recordon's website was targeted exclusively at the Southern District, its conduct was clearly not expressly aimed at the Northern District; thus, the "expressly aimed" test was not met, and venue did not lie in the Northern District.

---

## COUNSEL

Jacob D. Zamora, Law Office of Jacob D. Zamora, Marysville, California, for the defendant-appellant.

David W. Fermino, Brayton Purcell LLP, Novato, California, for the plaintiff-appellee.

---

# OPINION

D.W. NELSON, Circuit Judge:

Recordon & Recordon ("Recordon") appeals the district court's denial of its motion to dismiss for improper venue.[1] In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a). This circuit interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction. *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Because Recordon & Recordon would be subject to personal jurisdiction in the Northern District of California if it were treated as a separate state, we hold that venue was proper and affirm the decision of the district court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant Recordon & Recordon ("Recordon") is a San Diego-based law firm composed of two attorneys, Kathy R. Recordon and Stephen G. Recordon. Recordon's practice is limited to Southern California; it does not have, nor in the past did it ever have, any clients in the Northern District of California ("the Forum"). Recordon does not conduct any business, own any real or personal property, or maintain a mailing address or telephone listing in the Forum.

Appellee Brayton Purcell LLP ("Brayton Purcell") is a law firm based in Novato, California, located within the Forum. Brayton Purcell markets itself as a leader in elder abuse law, with a practice extending throughout California. It maintains

---

[1]Recordon waived its claim for transfer of venue. *See* FED. R. APP. P. 28(a)(9); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

an extensive website providing information on its elder abuse practice, which it copyrighted effective October 7, 2002.

In July 2004, Recordon contracted with Apptomix, Inc., a web-design company with its principal place of business in San Diego County, to add an elder law section to Recordon's website. Recordon claims this website "was designed for information only, was passive in nature, and was directed toward prospective clients located in San Diego County."

Brayton Purcell discovered Recordon's website using "Copyscape," a tool that scours the internet for unauthorized use of copyrighted materials. The elder law section of Recordon's website consisted entirely of material copied verbatim from, and without attribution to, Brayton Purcell's own website.

Brayton Purcell filed suit against Recordon for copyright infringement, unfair competition, false advertising, and common law misappropriation.[2] Brayton Purcell alleged that Recordon "knowingly and purposefully directed their infringing acts to this District, . . . knowing Brayton Purcell is a resident of this District and would suffer any injuries . . . in this District." Brayton Purcell further alleged that Recordon "made commercial use of Brayton Purcell's Website and of the copyrighted material . . . [and] willfully, deliberately and knowingly used Plaintiff 's copyrighted work for the purpose of promoting its business and attracting new business in the field of elder abuse law, in competition with [Brayton Purcell]."

Recordon filed a motion seeking, alternatively, dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction,[3] dismissal pursuant to Fed. R. Civ. P. 12(b)(3) for

---

[2]At a subsequent arbitration, Brayton Purcell dropped all claims except copyright infringement.

[3]The district court accurately noted that Recordon, as a resident of California, was unquestionably subject to personal jurisdiction in California, and thus its "motion is more properly characterized as a motion to dismiss for improper venue rather than for a lack of personal jurisdiction."

improper venue, or change of venue under 28 U.S.C.
§ 1404(a). The district court denied Recordon's motion. After
a settlement conference, the parties agreed to submit to bind-
ing arbitration. The arbitrator found for Brayton Purcell, and
the district court entered judgment in its favor. Recordon has
appealed only the district court's denial of its motion to dis-
miss for improper venue, not the entry of judgment on the
arbitration award.

II.   STANDARD OF REVIEW

A district court's rulings on personal jurisdiction and venue
are reviewed de novo. *See Pebble Beach Co. v. Caddy*, 453
F.3d 1151, 1154 (9th Cir. 2006) (personal jurisdiction); *Immi-
grant Assistance Project of the L.A. County Fed'n of Labor
v. INS*, 306 F.3d 842, 868 (9th Cir. 2002) (venue). Although
the burden is on the plaintiff to demonstrate that the court has
jurisdiction over the defendant, in the absence of an evidenti-
ary hearing, the plaintiff need only make "a prima facie show-
ing of jurisdictional facts to withstand the motion to dismiss."
*Pebble Beach*, 453 F.3d at 1154 (internal quotation marks
omitted). Additionally, "uncontroverted allegations in [plain-
tiff 's] complaint must be taken as true, and conflicts between
the facts contained in the parties' affidavits must be resolved
in [plaintiff 's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007, 1019 (9th Cir. 2002); *see also Pebble Beach*,
453 F.3d at 1154 ("[F]or the purpose of this [prima facie]
demonstration, the court resolves all disputed facts in favor of
the plaintiff.").

III.   DISCUSSION

**[1]** In copyright infringement actions, venue is proper "in
the district in which the defendant or his agent resides or may
be found." 28 U.S.C. § 1400(a). The Ninth Circuit interprets
this statutory provision to allow venue "in any judicial district
in which the defendant would be amenable to personal juris-
diction if the district were a separate state." *Columbia Pic-*

*tures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

[2] This Court employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:[4]

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Only the first prong is at issue in this appeal.

[3] The first prong is satisfied by either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, "are, in fact, two distinct concepts." *Pebble Beach*, 453 F.3d at 1155. "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Schwarzenegger*,

---

[4]The district court properly found that Recordon is not subject to general personal jurisdiction in the Forum.

374 F.3d at 802 (internal citations omitted). Here, the underlying action is copyright infringement, which is often characterized as a tort. *See Columbia Pictures*, 106 F.3d at 289 (likening willful copyright infringement to an intentional tort). Purposeful direction is therefore the proper analytical framework in this case. *See Schwarzenegger*, 374 F.3d at 802.

**[4]** This court evaluates purposeful direction using the three-part "*Calder*-effects" test, taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 374 F.3d at 803. Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks omitted). There is no requirement that the defendant have any physical contacts with the forum. *See Schwarzenegger*, 374 F.3d at 803.

### 1.    Intentional Act

In this case, the "intentional act" element is easily satisfied. This Court "construe[s] 'intent' . . . as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Id.* at 806. Recordon committed an intentional act when it created and posted an elder law section on its website that infringed Brayton Purcell's copyright. *Cf. id.* (placing a newspaper advertisement was an intentional act); *Rio Props.*, 284 F.3d at 1020 (operating a passive website was an intentional act); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000) (sending a letter was an intentional act).

### 2.    Express Aiming

**[5]** The second part of the *Calder*-effects test requires that the defendant's conduct be expressly aimed at the forum. *See*

*Pebble Beach*, 453 F.3d at 1156. This court has emphasized that " 'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," *Schwarzenegger*, 374 F.3d at 805, and that "something more" means conduct expressly aimed at the forum, *see Pebble Beach*, 453 F.3d at 1156 ("We now conclude that 'something more' is what the Supreme Court described as 'express aiming' at the forum state.") (quoting *Bancroft*, 223 F.3d at 1087).

[6] It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."); *Pebble Beach*, 453 F.3d at 1158 ("[W]e reject . . . any contention that a passive website constitutes express[ ] aiming."). It is equally clear, however, that "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient to confer personal jurisdiction." *Rio Props.*, 284 F.3d at 1020. Thus, regardless whether a case involves the internet, the question remains whether the defendant's conduct was expressly aimed at the forum.

[7] "Express aiming is a concept that in the jurisdictional context hardly defines itself." *Bancroft*, 223 F.3d at 1087. This much, however, is clear: "the [express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*

[8] In its complaint, Brayton Purcell alleged that Recordon engaged in willful copyright infringement targeted at Brayton Purcell, which Recordon knew to be a resident of the Forum. Specifically, Brayton Purcell alleged Recordon individually targeted it by "willfully, deliberately and knowingly" making "commercial use of Brayton Purcell's Website," thereby plac-

ing Recordon in competition with Brayton Purcell in the field of elder abuse law. In a supporting affidavit, Brayton Purcell noted that elder abuse is a growing area of legal specialization, "and few law firms advertise and hold themselves out as experts in this field." Brayton Purcell is a leader in this burgeoning speciality, with a practice extending throughout California. Given the paucity of firms with elder abuse expertise, any use of the infringing material by Recordon to advertise in Southern California places Recordon in direct competition with Brayton Purcell. Prospective clients in Southern California viewing the two firms' websites are likely to be confused as to the material's true author, and some may erroneously believe Brayton Purcell is the infringing party, harming its business reputation.

[9] For purposes of plaintiff's prima facie jurisdictional showing, "uncontroverted allegations in . . . [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in . . . [plaintiff's] favor." *Rio Props.*, 284 F.3d at 1019; *see Schwarzenegger*, 374 F.3d at 800 ("Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."). Taking Brayton Purcell's allegations and statements as true, Recordon individually targeted Brayton Purcell by making commercial use of Brayton Purcell's copyrighted material for the purpose of competing with Brayton Purcell for elder abuse clients. Though Recordon maintained that its "Elder Law Section . . . was directed toward prospective clients located in San Diego County," this does not rebut Brayton Purcell's allegation. That Recordon's prospective clients reside outside the Forum is irrelevant as long as Recordon individually targeted Brayton Purcell, a Forum resident. *Cf. Bancroft*, 223 F.3d at 1087-88 (finding specific personal jurisdiction in California based on a letter sent to Virginia, because the letter individually targeted a California resident). Brayton Purcell has thus satisfied its burden of showing that Recordon expressly aimed its conduct at the Forum by individually targeting a known forum resident. *See Bancroft*, 223

F.3d at 1087; *see also Columbia Pictures*, 106 F.3d at 289 ("Columbia alleged, and the district court found, that Feltner willfully infringed copyrights owned by Columbia, which, as Feltner knew, had its principal place of business in the Central District. This fact alone is sufficient to satisfy the 'purposeful availment' requirement.").

[10] This court's decisions in *Pebble Beach* and *Schwarzenegger* are not to the contrary. In *Pebble Beach*, California's Pebble Beach golf resort sued defendant for trademark infringement. 453 F.3d at 1154. The defendant operated a bed and breakfast called "Pebble Beach," which was "located on a cliff overlooking the pebbly beaches of England's south shore." *Id.* at 1153. Defendant maintained a passive website advertising his business. *Id.* The "only acts identified by Pebble Beach as being directed at California are the website and the use of the name 'Pebble Beach' in the domain name." *Id.* at 1156. Reaffirming that express aiming is satisfied by individualized targeting, the court held that the defendant, by merely registering and operating a passive informational website, "engaged in no 'individualized targeting.' " *Id.* at 1157. Here, in contrast, Recordon has done more than merely maintain a passive website. By plagiarizing Brayton Purcell's website verbatim, Recordon allegedly placed the two law firms in competition in the area of elder abuse law and created confusion among potential clients as to the true authorship of the elder abuse material. This individualized targeting distinguishes the instant case from *Pebble Beach*.

[11] In *Schwarzenegger*, the court held defendant's use of Arnold Schwarzenegger's image in a local Ohio newspaper insufficient to confer jurisdiction because the advertisement "was expressly aimed at Ohio rather than California." 374 F.3d at 807. The court found no individual targeting because "[t]he Advertisement was never circulated in California, and . . . [defendant] had no reason to believe that any Californians would see it." *Id.* In contrast, Recordon had every reason to believe prospective clients in Southern California would see

the website—indeed, attracting new business was the point. Recordon also knew its conduct was likely to confuse and deceive potential clients as to the source of the elder abuse material. Recordon's wrongful conduct placed it in direct competition for elder abuse clients with Brayton Purcell, an established expert in the field with a practice extending into Southern California. By thus individually targeting Brayton Purcell, a known Forum resident, Recordon expressly aimed its conduct at the Forum. Assuming the dissent is correct that something more than knowledge of the residence of the plaintiff is required for there to be express aiming at the Forum, such a requirement is satisfied here; the parties are competitors in the same business so that the intentional infringement will advance the interests of the defendant to the detriment of the Forum interests of the plaintiff. The express aiming prong is therefore satisfied.

### 3.  Foreseeable Harm

**[12]** The final element requires that Recordon's conduct caused harm that it knew was likely to be suffered in the forum. *See Yahoo!*, 433 F.3d at 1206. The Court in *Yahoo!* clarified that this element does not require that the "brunt" of the harm be suffered in the forum, as some previous cases had suggested, and that this element may be established even if "the bulk of the harm" occurs outside the forum. *Id.* at 1207. This element is satisfied when defendant's intentional act has "foreseeable effects" in the forum. *See Bancroft*, 223 F.3d at 1087. In this case, it was foreseeable that Brayton Purcell would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits. It was also foreseeable that some of this harm would occur in the Forum, where Brayton Purcell was known to reside. Indeed, Brayton Purcell specifically alleged Recordon committed its "infringing acts . . . knowing Brayton Purcell is a resident of this District and would suffer any injuries from Defendants' conduct in this District." Consequently,

Brayton Purcell has satisfied the third and final element of the *Calder*-effects test.

## IV.    CONCLUSION

[13] In sum, Recordon has satisfied the "purposeful direction" prong for specific personal jurisdiction. Because the parties did not dispute the remaining two prongs—that Brayton Purcell's claim arises out of Recordon's purposeful direction and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice—Recordon is subject to personal jurisdiction in the Northern District of California. We therefore hold that venue was proper in the Northern District of California pursuant to 28 U.S.C. § 1404(a). The decision of the district court is AFFIRMED.

     AFFIRMED

_____

REINHARDT, Circuit Judge, dissenting:

    As the majority recognizes, venue in this case was proper only if Recordon & Recordon "expressly aimed" its conduct at the Northern District of California. The majority here finds express aiming based entirely on (1) the foreseeable harm suffered by Brayton Purcell as a result of Recordon & Recordon's passive website, and (2) Recordon & Recordon's knowledge of Brayton Purcell's residence in the Northern District. In doing so, the majority disregards binding circuit authority, which establishes that "something more" than the "foreseeable effect" of an intentional tort committed against a party known to be a resident of the forum is required to establish venue. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (internal quotation omitted). Through its website, Recordon & Recordon sought customers only in the Southern District of California, Maj. Op. at 10398-99, and its only link to the Northern District was its knowledge of Bray-

ton Purcell's residence. Because Recordon & Recordon's website was targeted exclusively at San Diego County, *id.*, its conduct was clearly not "expressly aimed" at the Northern District. *Pebble Beach*, 453 F.3d at 1158. Accordingly, the "expressly aimed" test was not met, and venue did not lie in the Northern District.[1]

# I.

The undisputed record here establishes that Recordon & Recordon limited its legal practice to Southern California. The firm operated exclusively out of Southern California, practiced entirely in Southern California, and had never had any clients or legal work in the Northern District. Likewise, there is no dispute that the "elder law" material on Recordon & Recordon's website was directed toward prospective clients in Southern California exclusively. *See* Maj. Op. at 10399. As the majority recognizes, any confusion or competition resulting from Recordon & Recordon's website involved only "[p]rospective clients in Southern California." *Id.*

Under these circumstances, venue was proper in the Northern District only if Recordon & Recordon " '(1) committed an intentional act, (2) *expressly aimed* at the [Northern District], (3) causing harm that [Recordon & Recordon] kn[ew] [was] likely to be suffered in the [Northern District].' " *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004)) (emphasis added). As the majority notes, the second prong, "express aiming," requires that Recordon & Recordon have engaged in "conduct directly targeting the forum." Maj.

---

[1]The Northern District of California and the Southern District of California are treated like separate states for the purposes of establishing venue. *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

Op. at 10398 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). The majority holds that Recordon & Recordon's conduct was "targeted" at the Northern District of California because it knew that Brayton Purcell was a resident of that district and it committed an intentional tort causing foreseeable harm to Brayton Purcell. Specifically, Recordon & Recordon "willfully, deliberately and knowingly ma[de] commercial use of" the material developed by Brayton Purcell. Maj. Op. at 10398. The harm it caused, the majority reports, was "competition . . . in the field of elder abuse law" and confusion among "[p]rospective clients." *Id.* The competition and confusion occurred exclusively in the Southern District, and the only fact linking Recordon & Recordon's actions to the Northern District was its knowledge of Brayton Purcell's residence in that district.

Finding "express aiming" in these circumstances is contrary to circuit authority, which establishes that express aiming must include "something more" than knowledge of the plaintiff's residence and an intentional tort causing harm to the plaintiff. In *Schwarzenegger v. Fred Martin Motor Co.*, for example, the defendant committed an intentional act of intellectual property infringement, the unauthorized use of Arnold Schwarzenegger's photograph in advertisements, knowing Schwarzenegger to be a Californian. 374 F.3d at 799, 807. That act ultimately caused Schwarzenegger harm. *Id.* at 807. Nonetheless, we found no "express aiming" because the advertisement was directed entirely at Ohio. *Id.* The court explained,

> Fred Martin's intentional act — the creation and publication of the Advertisement — was expressly aimed at Ohio rather than California. The purpose of the Advertisement was to entice Ohioans to buy or lease cars from Fred Martin and, in particular, to "terminate" their current car leases. . . . *It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and*

> *Fred Martin may have known that Schwarzenegger lives in California. But this does not confer jurisdiction, for Fred Martin's express aim was local.*

*Id.* (emphasis added). This passage from *Schwarzenegger* could not be clearer: Express aiming requires "something more" than an intentional, tortious act causing harm to a known resident of a state in order for that state to attain forum status.

Likewise, in *Pebble Beach Co.*, the defendant maintained a passive website that infringed upon the trademark of a business known to him to be located in California — the Pebble Beach golf course and resort. 453 F.3d at 1153-54. Following *Schwarzenegger*, the court found no "express aiming" because the website was not directed at California. *Id.* at 1158. In language directly applicable here, the court explained, "where the sole basis for [finding express aiming] is a non-interactive passive website . . . . the fact that [the defendant's] website is not directed at [the forum jurisdiction] is controlling" and precludes a finding that the defendant's conduct was expressly aimed at the forum. *Id.* at 1158.

*Pebble Beach* and *Schwarzenegger* establish that knowledge of the plaintiff's residence and a foreseeable harm to the plaintiff are, standing alone, insufficient to establish express aiming; "something more" is required in order for the state of the plaintiff's residence to constitute a proper forum. Recordon & Recordon's actions involved "nothing more" than the maintaining of a non-interactive, passive website targeted at customers in Southern California with knowledge that the owner of the material being improperly used lived in Northern California. Just as the purpose of the advertisement in *Schwarzenegger* was to "entice" individuals in Ohio to buy automobiles in that state, the purpose of Recordon & Recordon's website was to entice potential customers in San Diego County to purchase Recordon & Recordon's legal services. The fact that Recordon & Recordon used a passive website

rather than a print advertisement to attract customers is of no consequence: *Pebble Beach*, relying heavily on *Schwarzenegger*, establishes that, with regard to "express aiming," a passive, non-interactive website is treated no differently than a print advertisement. If a website is not directed at customers in a forum, the defendant's conduct in maintaining the website is not targeted at that forum. 453 F.3d at 1158. Because Recordon & Recordon's website was directed to an audience entirely outside of Northern California, *Pebble Beach* and *Schwarzenegger* preclude a finding of "express aiming."[2]

In its attempt to evade this controlling authority, the majority asserts that *Pebble Beach* and *Schwarzenegger* are inapplicable because Recordon & Recordon's website "place[d] Recordon in direct competition [in Southern California] with Brayton Purcell" and harmed Brayton Purcell's business reputation by "creat[ing] confusion among potential clients [in Southern California] as to the true authorship of the elder abuse material." Maj. Op. at 10398, 10400. These consequences of Recordon & Recordon's actions are nothing more than the "harm . . . suffered" by Brayton Purcell as a result of Recordon & Recordon's actions. *Yahoo! Inc.*, 433 F.3d. at 1206. In relying upon the foreseeable effects of Recordon & Recordon's actions to establish express aiming, the majority conflates two distinct prongs of the test for personal jurisdiction and adopts an approach to the express aiming require-

---

[2]There is some tension between certain language on which the majority relies from *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), and *Columbia Pictures Television*, 106 F.3d at 289, and our more recent decisions in *Pebble Beach* and *Schwarzenegger*. However, the majority errs by relying on two sentences from the former, older cases rather than the holdings of the circuit's latter, more recent cases. The understanding of "express aiming" articulated in Pebble Beach and *Schwarzenegger* was endorsed by the en banc court in *Yahoo!*, which relied upon *Schwarzenegger* extensively, *id.* at 1205-09, while reading *Bancroft* narrowly, 433 F.3d at 1208-09. *Schwarzenegger* thus represents the law of the circuit, and if there is any tension between *Schwarzenegger* and *Bancroft*, it must be resolved in favor of *Schwarzenegger*.

ment expressly rejected in *Pebble Beach*. As *Pebble Beach* explained, "showing 'effect' satisfies only the third prong of the [ ] test — it is not the 'something more' that is required" to establish express aiming. 453 F.3d at 1160.[3]

## II.

Although the stakes of the particular dispute between Brayton Purcell and Recordon & Recordon are minor, the consequences of the majority's opinion will be major. By ignoring the rules established by *Schwarzenegger* and *Pebble Beach* and endorsed by *Yahoo!*, the majority undermines this circuit's recent efforts to bring clarity to the law of specific personal jurisdiction. Clear rules are important in this area, because personal jurisdiction is a threshold issue in every lawsuit and the erroneous exercise of personal jurisdiction deprives all subsequent proceedings of legal effect. Unfortunately, in abandoning the simple and easily applied rule established by *Schwarzenegger* and *Pebble Beach*, the majority leaves litigants without any clear principle by which to apply its new rule that some in-forum effects amount to "express aiming," while others do not.

More important, the majority opinion would permit a defendant who resides in Ohio, Florida, or Maine, thousands of miles from the Ninth Circuit, to be sued in the Northern District of California based on nothing more than his knowl-

---

[3]Because Brayton Purcell resides in the Northern District of California, these effects might be enough to establish that the "harm suffered in the forum" prong is met in this case, although I am skeptical that harm can be "suffered in [a] forum" notwithstanding that the tortious conduct and its consequences — competition for and confusion among customers in Southern California — both occurred entirely outside the forum. Notably, *Schwarzenegger* declined to decide whether the plaintiff's residence in California was enough to establish that any harm that resulted from the defendant's actions was suffered in that state. 374 F.3d at 807 n.1. I need not reach that question because, in the absence of "express aiming," venue was in any event improper.

edge that the plaintiff whose intellectual property rights he
allegedly infringed resides in San Francisco. Under the major-
ity's opinion, every website operator faces the potential that
he will be hailed into far-away courts based upon allegations
of intellectual property infringement, if he happens to know
where the alleged owner of the property rights resides. Due
process and basic principles of fairness prohibit such an
expansive exercise of personal jurisdiction.

Recordon & Recordon had no connection to the Northern
District of California besides its knowledge of Brayton Pur-
cell's residence there, and its website was targeted entirely at
potential clients in the Southern District. *Pebble Beach* and
*Schwarzenegger* are squarely on point and preclude a finding
of express aiming in these circumstances.

I respectfully dissent.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.